FILED

APR 0 4 2025

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Marsden Voltaire ELIAS

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

The State of Oklahoma

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

**Complaint for Violation of Civil Rights**
(Non-Prisoner Complaint)

Case No. 25 CV - 159 JDR - JFJ
*(to be filled in by the Clerk's Office)*

Jury Trial:  ☐ Yes  ☐ No
*(check one)*

NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.

Fees paid
& Summons

ProSe-05

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Marsden Voltaire ELIAS
Street Address: 5669 SW Shumway Rd.
City and County: El Dorado, Kansas (Butler Co.)
State and Zip Code: Kansas 67042
Telephone Number: (918) 883-1240
E-mail Address: marsdenelias@gmail.com

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: The State of Oklahoma
Job or Title (if known): Oklahoma Attorney General
Street Address: 313 NE 21st St.
City and County: Oklahoma City
State and Zip Code: Oklahoma 73105
Telephone Number: (405) 521-3921
E-mail Address (if known): contact@oag.ok.gov

☐ Individual capacity    ☒ Official capacity

~~Defendant No. 2~~

Name:
Job or Title:

(if known)
Street Address  _____
City and County _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____
(if known)

☐ Individual capacity  ☐ Official capacity

Defendant No. 3
Name _____
Job or Title
(if known) _____
Street Address _____
City and County _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____
(if known)

☐ Individual capacity  ☐ Official capacity

Defendant No. 4
Name _____
Job or Title
(if known) _____
Street Address _____
City and County _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____
(if known)

☐ Individual capacity  ☐ Official capacity

ProSe-05

II. **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

*Breach of contract, 1st, 5th, 6th, 7th, 8th amendment violations - denied access to courts and remedy - served an entire unlawful sentence.*

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

*I am not suing under Bivens.*

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

*At the hands of the state I was incarcerated for more than a decade over mistakes of law that the courts and ODOC refused to address or remedy.*

4

ProSe-05

### III.  Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

A defendant must be "knowing and informed" fully when taking a plea. The trial court proved they were not informed enough to inform me. Fraud.

B. What date and approximate time did the events giving rise to your claim(s) occur?

16 December 2010 proved I was not 85%. The damage inflicted to me is ongoing and constant despite being freed. My rights are not intact, needlessly.

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Attached exhibits attest to my facts presented. Sentences become part of a contractual agreement when they explicitly outline the terms, conditions, and obligations that parties agree to, forming a legally binding agreement. The sentencing court, not understanding the terms, was unable to inform this defendant; then failed to apply remedy when the court proved they didn't believe the sentence was an 85% sentence. Subsequent courts kicked the can down the road, either indifferently or apathetically. The supreme court of OK summed it best in case 118074. (attached)

IV. **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

My injuries are, but not limited to, being incarcerated an unnecessarily long time, beyond the confines of the sentence imposed, due to the mistakes of the court and the unwillingness to admit fault and apply remedy. My rights were fractured and continue to be fractured due to being a felon. I suffer financially, due to the overlong, illegal incarceration.

V. **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Considering that my sentence, due to contract breach was an illegal sentence that I was forced to serve in full, the only logical remedy is setting the convictions aside, my rights restored. Also, I should be compensated generously for my pain and suffering. I was deprived of having a meaningful life and now I am reduced to digging my way out.

VI. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

ProSe-05

A.  **For Parties Without an Attorney**

   I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

   Date of signing: 2 April, 2025

   Signature of Plaintiff *Marsden Voltaire Elias*

   Printed Name of Plaintiff Marsden Voltaire ELIAS

B.  **For Attorneys**

   Date of signing: _____, 20__.

   Signature of Attorney _____

   Printed Name of Attorney _____
   Bar Number _____
   Name of Law Firm _____
   Address _____
   Telephone Number _____
   E-mail Address _____

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that the foregoing is true and correct. Executed on *2 April, 2025*.

*Marsden Voltaire ELIAS*

5669 SW Shumway Rd.

El Dorado, Kansas 67042

(918) 883-1240

detained past his sentence under Okla. Const. art. 2, §9, we reverse and remand for further proceedings consistent with this opinion.

**COURT OF CIVIL APPEALS' OPINION VACATED IN PART; JUDGMENT REVERSED AND REMANDED**

¶25 Gurich, C.J., Kauger (by separate writing), Edmondson, Colbert and Combs, JJ., concur.

¶26 Darby, V.C.J., Winchester (by separate writing), Kane and Rowe (by separate writing), JJ., dissent.

**KAUGER, J., concurring:**

**I.**
**JAMES C. PAYNE v. JOEL KERNS and MISSY ELDRIDGE,**
Case No. 116,978

¶1 I concur with the majority opinion. I am writing to address the spate of recent troubling incidents involving the Department of Corrections (DOC) and access to justice. In this cause, the DOC extended the prisoner's confinement for more than 3 months past his sentence. The failure of the DOC to timely release him is exacerbated by the absence of a final order.

¶2 We do not recognize the minute order entered in this cause by the district court as a final appealable order.¹ When the Court of Criminal Appeals does not receive a final order, jurisdiction is declined. The failure of the trial court to prepare a final order denies the prisoner the right of access to the Court.

¶3 Were the prisoner held in a federal prison, the United States would be liable for false imprisonment. In Millbrook v. United States, 569 U.S. 50, 133 S.Ct. 1441 (2013), the unanimous Court held that the waiver of sovereign immunity based on the law enforcement provision in the Federal Torts Claims Act extends to acts or omissions of law enforcement officers that arise during the scope of their employment. This cause should be remanded to determine if the material facts support relief under Oklahoma law.

**II.**
**MARSDEN VOLTAIRE ELIAS v. STATE**
Case No. 118,074

¶4 Marsden Elias (Elias) entered a plea of nolo contendre to a felony offense on November 16, 2004. The trial court sentenced him to fifteen years with the first three years to be served in the custody of the Department of Corrections with the balance as supervised probation. When Elias committed another felony offense in 2008, he pled guilty and was sentenced to six months in the county jail and four years probation. Because the first sentence included a finite time for incarceration, followed by probation, no consideration was given to the maximum term that Elias would have to serve.

¶5 Because Elias had committed two offenses, the State, on June 18, 2010, filed an Application to Revoke the Suspended Sentences. During the December 16, 2010, revocation hearing, the transcript reflects that the trial judge stated he would show on the record that the crime to which Elias had pled guilty in 2004, was not an eighty-five percent crime. The judge, the prosecutor, and defense counsel agreed that it was not.² The court minute regarding the Application to Revoke/Accelerate shows that Elias was not sentenced to an eighty-five percent crime.³ The trial court later recanted its opinion that the crime was not an eighty-five percent crime. However, the trial court did nothing to correct its mistake, other than observe that it was incorrect when it denied Elias's Application for Post Conviction Relief.⁴ The Department of Corrections' records show that it determined Elias's term of incarceration to be subject to the eighty-five percent rule.⁵ The Minute Order, filed October 31, 2012, noted that Elias needed to file an action against the Department of Correction to address the interpretation of his sentence.⁶

[annotation: NOT 85%]

¶6 When a trial court commits a mistake seriously affecting a substantial right, such as the length of the required time of incarceration, the trial court must correct the mistake to conform the sentence accurately with the law.⁷ Even so, it is not up to the Department of Corrections to unilaterally correct a mistake.⁸ The power to define and to fix the punishment for crimes is vested in the legislature.⁹ The imposition of the sentence within the limits prescribed by the legislature is purely a judicial function.¹⁰ The Legislature has invested the Department of Corrections with the authority to ensure a judicial sentence is carried out as ordered by the district court.¹¹ Nevertheless, the court's authority to impose a sentence cannot be, and is not delegated to an administrative body such as the Department of Corrections.¹²

[annotation: Judicial Responsibility]

¶7 Someone needs to fix this!

**III.**
**GLEN FOLSOM v. OKLAHOMA**

omie County had not entered a final judgment in the post-conviction proceedings contrary to

# KANE, KANE, KANE AND ROARK
### ATTORNEYS AT LAW

RICHARD KANE - RETIRED
ROBERT M. KANE
MARK KANE
PATRICK H. ROARK

P.O. BOX 2566
BARTLESVILLE, OKLAHOMA 74005-2566

OSAGE AND ADAMS
TELEPHONE 918-336-2310
FAX 918-336-8951

January 16, 2012

Marsden Elias  #501695
Lawton Correcitonal Facility
8607 SE Flower Mound Road
Lawton, OK  73501

Dear Mr. Elias,

Your letter arrived on January 12, 2012.  I am sorry nothing came of your Appeal.  You have a good argument about the 85% issue.  My notes reflect the discussion at your Revocation Sentencing, about the 85% issue.  **Judge DeLapp agreed that at the time of the offense on the original case, it was not an 85% crime.**

My expertise is neither Appeals nor Post Conviction Relief.  You are correct in asking Riley to help.  Maybe there is someone in his firm, to do it.  Have you talked to your case manager about the issue?

Yours truly,

KANE, KANE, KANE AND ROARK

Mark Kane

MK:Mh

IN THE DISTRICT COURT OF WASHINGTON COUNTY OKLAHOMA
COURT MINUTE
(APPLICATION TO REVOKE/ACCELERATE)

DISTRICT COURT WASHINGTON CO., OK
JAMES R. WEAVER, COURT CLERK

CASE NO: CF-02-497 / CF-08-279
JUDGE: Vaclaw
DATE: 12-16-10
CT REPORTER: L Hoyt

FILED DEC 16 2010

STATE OF OKLAHOMA vs Marsden Voltaire Elias BY _____ DEPUTY

STATE IS PRESENT BY A.D.A.: Will Drake

✓ DEFT IS PRESENT IN PERSON (WITH)/WITHOUT/BY ATTY: M. Kane

___ DEFT FAILED TO APPEAR. BENCH WARRANT/BOND FORFEITURE REQUESTED/GRANTED

✓ DEFT ADVISED OF HIS/HER CONSTITUTIONAL RIGHTS.

___ HEARING SET FOR: _____

___ BOND SET AT: _____

___ DEFT WAIVES HIS/HER 20-DAYS.

✓ MATTER COMES ON FOR HEARING ON APPLICATION TO REVOKE/ACCELERATE

✓ DEFT SWORN AND TESTIMONY HEARD.   ✓ WITNESS SWORN AND TESTIMONY HEARD.

✓ STATE RESTS.   ✓ DEFT RESTS.

✓ STATE PRESENTS CLOSING ARGUMENTS.   ✓ DEFT PRESENTS CLOSING ARGUMENTS.

___ DEFT STIPULATES TO APPLICATION.

✓ COURT FINDS THE DEFT HAS VIOLATED THE TERM OF PROBATION AND THE SENTENCE THEREFORE SHOULD BE REVOKED/ACCELERATED.

___ STATE RECOMMENDS: Revoke in full in both cases

✓ COURT FOLLOWS STATE RECOMMENDATION.

✓ COURT SENTENCES DEFT TO: revocation in full in both cases with credit for time served. Note: CF-02-497 was not an 85% crime at time deft. was sentenced.

___ DEFT IS REMANDED TO THE CUSTODY OF THE WASHINGTON COUNTY SHERIFF.

___ DEFT WAIVES HIS/HER 10-DAY DELAY.

✓ ADVISED OF APPEAL RIGHTS AND COURT APPTOINTED ATTORNEY.

___ STATE MOVES TO DISMISS APPLICATION. GRANTED/DENIED.

___ COURT DISMISSES APPLICATION.

___ DEFT IS ORDERED BACK TO CONTINUE HEARING ON: _____

___ DEFT IS ORDERED BACK _____ UPON RELEASE FROM DOC TO SET UP PAYMENT PLAN.

1   THE COURT: It is -- at the time he was
2   sentenced, what, 2005, it probably wasn't on the list, but
3   I don't know how they'll treat it. He may very well be
4   subject to 85 percent at this point in time. That's
5   something he'll need to take up with the Department of
6   Corrections. It was not at the time that he was placed on
7   there I don't believe. I may have that here. Let's see.
8   MR. KANE: I'd like to make that a part of
9   the record, whatever that is.
10  THE COURT: The statute on which he is --
11  843. Is that the statute that's on J & S, Mr. Drake?
12  MR. DRAKE: 7115, Your Honor.
13  THE COURT: 7115.
14  MR. DRAKE: Title 10, Judge.
15  THE COURT: Yeah. I'm looking at the
16  minimum sentences that says 85 percent. So I know they've
17  changed, even moved the statute around, but I will show on
18  the record that it was not an 85 percent crime at that time
19  and put that in the order revoking. Do you have any
20  questions, Mr. Elias?
21  MR. KANE: He whispered to me he wanted me
22  to file an appeal. I will prepare a designation of record
23  and notice of intent to appeal within ten days and that
24  will be forwarded out to the Oklahoma Indigent Defense.
25  THE COURT: All right. I will order a

DISTRICT COURT OF OKLAHOMA
OFFICIAL TRANSCRIPT

1   THE COURT: It is -- at the time he was
2   sentenced, what, 2005, it probably wasn't on the list, but
3   I don't know how they'll treat it. He may very well be
4   subject to 85 percent at this point in time. That's
5   something he'll need to take up with the Department of
6   Corrections. It was not at the time that he was placed on
7   there I don't believe. I may have that here. Let's see.
8   MR. KANE: I'd like to make that a part of
9   the record, whatever that is.
10  THE COURT: The statute on which he is --
11  843. Is that the statute that's on J & S, Mr. Drake?
12  MR. DRAKE: 7115, Your Honor.
13  THE COURT: 7115.
14  MR. DRAKE: Title 10, Judge.
15  THE COURT: Yeah. I'm looking at the
16  minimum sentences that says 85 percent. So I know they've
17  changed, even moved the statute around, but I will show on
18  the record that it was not an 85 percent crime at that time
19  and put that in the order revoking. Do you have any
20  questions, Mr. Elias?
21  MR. KANE: He whispered to me he wanted me
22  to file an appeal. I will prepare a designation of record
23  and notice of intent to appeal within ten days and that
24  will be forwarded out to the Oklahoma Indigent Defense.
25  THE COURT: All right. I will order a

DISTRICT COURT OF OKLAHOMA
OFFICIAL TRANSCRIPT


